## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| JOE NATHAN JAMES, JR., <br> AIS 000Z610, <br><br> Plaintiff, <br><br> vs. <br><br> JULIA JORDAN WELLER, *et. al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    CIV. ACT. NO. 1:22-cv-270-TFM-N <br> ) <br> ) <br> ) <br> ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Joe Nathan James, Jr., an Alabama death row inmate who is scheduled for execution on July 28, 2022, has filed a Complaint under 42 U.S.C. § 1983 (Doc. 1) along with a Motion to Proceed without Prepayment of Fees (Doc. 2), supported by a certificate of his prison account balance. Now before the Court is Plaintiff's Motion for Prepayment of Fees and review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

    **I.**    **MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

In accordance with the provisions of 28 U.S.C. § 1915(b)(1), a prisoner who seeks to proceed *in forma pauperis* in a civil action is required to pay the full amount of the requisite filing fee. However, where an inmate lacks the funds necessary to pay the entire filing fee upon initiation of the civil action and has money available to him, the court shall assess and collect an initial partial fee.

Plaintiff submitted certified financial information that provides the Court with information necessary to determine the average monthly deposits to and average monthly balance of Plaintiff's inmate account prior to the filing of this complaint. The information reveals that Plaintiff lacks the funds necessary to pay the $350.00 filing fee. The documents further establish that for the six-

month period immediately preceding the filing of the present complaint the average monthly deposits to Plaintiff's prison account were $0.00.  Additionally, as of June 14, 2022, the average balance in Plaintiff's prison account was $3.17 and his current balance is $0.17.  Thus, Plaintiff presently has insufficient fund in his prison account to pay an initial partial filing fee.

Therefore, in accordance with the provisions of 28 U.S.C. § 1915(b)(1) and (b)(2), it is **ORDERED** that Plaintiff's **Motion to Proceed without Prepayment of Fees** (Doc. 2) is **GRANTED**.[1]

Because the Court has granted Plaintiff's Motion to Proceed without Prepayment of Fees and is proceeding *in forma pauperis*, the Court is required to review his Complaint under 28 U.S.C. § 1915(e)(2)(B) and therefore service of process on the defendants is stayed.  The Court turns now to Plaintiff's Complaint.  *See* Doc. 1.

## II.    COMPLAINT

Plaintiff claims Defendant Julia Jordan Weller, Clerk of Court for the Supreme Court of Alabama, issued an illegal and fraudulent execution warrant on July 7, 2022 ("execution order"), ordering that his judicially imposed sentence of death be carried on July 28, 2022.  He further alleges that the execution order was delivered to Defendant Terry Raybon, Warden of Holman Correctional Facility, and Defendant Raybon is using the issued execution order to begin execution proceedings against him.[2]  Doc. 1. According to Plaintiff, Alabama statutes mandate that an

---

[1]    At present, Plaintiff has insufficient funds in his prison account from which an initial filing fee can be assessed at this time.  However, if those funds become available, Plaintiff shall make monthly payments of twenty percent (20%) of each preceding month's income and/or funds credited to his account as payments toward the $350 filing fee.  The filing fee will be collected from any funds that become available to Plaintiff and will be forwarded to this court pursuant to the directives contained in this order.

[2]    It is undisputed that Plaintiff's conviction and sentence are final, as he has completed the direct appeal, state postconviction review, and federal habeas review.  The procedural history of Plaintiff's case can be found in this Court's previous opinions: *James v. Marshal, et al*, Civ. Act.

execution warrant be issued by "the Clerk of the Court which pronounced the sentence"; thus, concluding that Defendant Weller lacks "the statutory authority to issue" an execution warrant as the Clerk of the Alabama Supreme Court. Plaintiff follows this reasoning in challenging Defendant Raybon's authority to use the issued order to execute him on July 28, 2022. Plaintiff is suing defendants in their official capacities only and solely for injunctive relief.

Plaintiff requests that this Court "issue an order permanently staying the execution set for July 28, 2022, ordering a legal execution warrant cannot issue in this matter." Doc. 1 at 7, 9.

### III.   STANDARD OF REVIEW UNDER 28 U.S.C. § 1915(E)(2)(B)

Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist. *Id.* Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the

---

No. 1:22-cv-241, Doc. 9; *James v. Raybon*, Civ. Act. No. 1:22-cv-252, Doc. 9; *James v. Raybon*, Civ. Act. No. 1:22-cv-252, Doc. 10.

pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). The court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 556 U.S. at 678. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). In ascertaining whether Plaintiff's Complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B), the Court follows the same standard as it would when determining whether to dismiss an action under Rule 12(b)(6) for failure to state a claim. *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003). The Court assumes the truth of all Plaintiff's allegations for purposes of this determination. *Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1284 (11th Cir. 2006).

### IV.   DISCUSSION AND ANALYSIS

Plaintiff's request for relief governs the disposition of this action. Plaintiff wants his execution permanently stayed. This relief is not cognizable in a § 1983 action and lies "within the core of habeas corpus." *Wilkinson v. Dotson*, 544 U.S. 74, 79, 125 S. Ct. 1242, 161 L. Ed. 2d 253

(2005). Simply stated, a claim that would "necessarily imply the invalidity of his conviction or sentence" may only be brought in a habeas petition. *Heck v. Humphrey*, 512 U.S. 477, 480, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."). In capital cases, relief which prevents the State from carrying out their execution "necessarily" implies the invalidity of the imposed sentence and cannot be brought in a section 1983 action. *Cf. Nance v. Ward*, 142 S. Ct. 2214 (2022) (Inmate brought a method of execution challenge, identifying an alternate method of execution that was feasible but not authorized by his state's current law. The Court held § 1983 to be the proper vehicle for the challenge, as the requested relief would not prevent inmate's death sentence but delay it.). Accordingly, relief of a permanent stay of execution would negate the sentence imposed by the state court and can only be maintained through § 2254. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("[I]f the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a [section] 2254 habeas petition, not a [section] 1983 civil rights action."). Because Plaintiff cannot obtain the relief that he seeks in a § 1983 action, his action is frivolous as a matter of law. Consequently, his action is due to be dismissed for this reason alone.[3]

Alternatively, Plaintiff's suit fails to state a claim upon which relief may be granted, as previously determined in Plaintiff's companion cases, *James v. Raybon*, Civ. Act. No. 1:22-cv-

---

[3] Notably, any subsequent habeas petition brought by James (at this juncture) must meet the requirements of 28 U.S.C. § 2244(b)(3)(A). *Accord Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997)) (per curiam). The Court already advised the Plaintiff of this in a recent habeas case which was dismissed. *See James v. Raybon*, Civ. Act. No. 1:22-cv-152-JB, Doc. 3 (S.D. Ala. Jun. 27, 2022).

252 and *James v. Raybon*, Civ. Act. No. 1:22-cv-253. Plaintiff presents identical facts in this action to those previously dismissed by the Court. In those actions the Court found the issuance and delivery of the Alabama Supreme Court's order setting James' execution for July 28, 2022, complies with the current state procedures and is a valid, legal execution warrant. James' reliance on Ala. Code § 15-18-80, as the proper procedure for the issuance of Alabama execution warrants, is simply incorrect.[4] The Court hereby takes judicial notice of and incorporates by reference the analysis contained in its July 11, 2022 Order in *James v. Raybon*, Civ. Act. No. 1:22-cv-252-TFM-N, Doc. 9, and July 13, 2022 Order in *James v. Raybon*, Civ. Act. No. 1:22-cv-253, Doc. 10. In summary, the Court determined in Plaintiff's previous cases that Ala. Code § 15-18-80, which once governed the housing and transportation of inmates sentenced to death and the issuance of execution orders, was superseded by Rule 8 of the Alabama Rules of Appellate Procedure, which provides in pertinent part:

> (1) *Death.* When pronouncing a sentence of death, the trial court shall not set an execution date, but it may make such orders concerning the transfer of the inmate to the prison system as are necessary and proper. The supreme court shall at the appropriate time enter an order fixing a date of execution, not less than 30 days from the date of the order, and it may make other appropriate orders upon disposition of the appeal or other review. The supreme court order fixing the execution date shall constitute the execution warrant.

---

[4] Plaintiff's current Complaint presents only conclusory allegations and fails to specify which state statute Defendants have violated. He further fails to identify a constitutional violation. However, given the grave circumstances of this action and the Court's duty to liberally construe *pro se* filings, it is determined that based on his previous filings against the same defendants, articulating the same facts, and arguing essentially the same claims, Plaintiff attempts to again challenge that the issuance of his execution warrant fails to follow the statutory requirements of Ala. Code. 15-18-80, thus denying him rights under the Due Process Clause of the Fourteenth Amendment. *See Boxer X v. Harris,* 437 F.3d 1107, 1110 (11th Cir.2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed") (quotations omitted); *See Ohio Adult Parole Auth. v. Woodward*, 523 U.S. 272, 281 (1998) (A death row inmate "maintains a residual life interest, e.g., in not being summarily executed by prison guards.").

ALA. R. APP. P. 8(d)(1); *see also* ALA. CODE § 15-18-80 Code Commissioner's Notes (specifying that Rule 8, Alabama Rules of Appellate Procedure, superseded portions of § 15-18-80); *Jones v. Allen,* 485 F.3d 635, 640 n.2 (11th Cir. 2007) ("[T]he Alabama Supreme Court is authorized to enter an order fixing an inmate's date of execution 'at the appropriate time.'") (citing ALA. R. APP. P. 8(d))).

Accordingly, the execution order setting the date of Joe Nathan James's execution for July 28, 2022, as he describes in his complaint, was issued by Defendant Weller, Clerk of the Alabama Supreme Court, in full compliance with Rule 8 and Alabama law.[5] Plaintiff's contention that the execution order does not constitute a valid execution warrant under Alabama law is simply incorrect. It thus follows that Defendants are not liable for any constitutional violation.

Based on the foregoing, this action is due to be dismissed without prejudice, prior to service, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for failure to state a claim upon which relief can be granted or as frivolous.

V.   CONCLUSION

Based on the above, it is **ORDERED**:

1.   Plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 2) is **GRANTED**.

2.   Plaintiff's custodian shall forward payments from Plaintiff's account to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00 until the $350.00 filing fee is paid in full.

---

[5]   Notably, the Circuit Court's Sentencing Order, issued by the trial court, identifies that the Alabama Supreme Court will set the date and issue the warrant for Plaintiff's execution. *See State v. James*, No. CC95-4747, 1999 WL 35026055 (Ala. Cir. Ct. Dec. 09, 1999) ("It is the judgment and sentence of the court that Joe Nathan James, Jr. be punished by death, said execution to be conducted at such time and place set by the Supreme Court of Alabama.") (Westlaw citation available only).

3. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice,** prior to service, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), because Plaintiff's claims are either frivolous or fail to state a claim upon which relief can be granted.

The Clerk of Court is **DIRECTED** to furnish a copy of this order to the account clerk at Holman Correctional Facility, to aid Plaintiff and his custodian in complying with the requirements of this order.

The Clerk is further **DIRECTED** to send a copy of this Memorandum Opinion and Order to the Plaintiff by overnight mail, to send a copy of this Memorandum Opinion and Order to Defendants, and to send a copy of the Memorandum Opinion and Order to the warden by either electronic mail or facsimile with the instructions that a copy of this Memorandum Opinion and Order be given to the Plaintiff immediately upon receipt.

**DONE** and **ORDERED** this 14th day of July 2022.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE